**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**THE REPORTERS COMMITTEE FOR**
**FREEDOM OF THE PRESS**,
1156 15th Street NW, Suite 1250
Washington, D.C. 20005

        Plaintiff,

v.

**UNITED STATES CUSTOMS AND**
**BORDER PROTECTION,**
245 Murray Lane S.W.
Washington, D.C. 20528

and

**UNITED STATES DEPARTMENT**
**OF HOMELAND SECURITY**
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20229

        Defendants.

Civil Action No. _____

---

## **COMPLAINT**

The Reporters Committee for Freedom of the Press (the "Reporters Committee" or

"RCFP"), by and through its undersigned counsel, alleges as follows:

1.      This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5

U.S.C. § 552, for declaratory, injunctive, and other appropriate relief by the Reporters

Committee against the United States Customs and Border Protection ("CBP") and the United

States Department of Homeland Security ("DHS") (collectively, "Defendants").

2.      By this action, the Reporters Committee seeks to compel Defendants to comply

with their obligations under FOIA to release requested records concerning demands from CBP

and/or DHS that Twitter, Inc. ("Twitter") provide them with information to identify the one or

more persons using the Twitter account @ALT_uscis, an anonymous account critical of CBP.

3.      The Reporters Committee is statutorily entitled to disclosure of these records,

which it seeks so that it may inform the public about the nature of and purpose for Defendants'

demands to Twitter for information concerning the individual(s) behind @ALT_uscis.

Defendants have improperly withheld the records requested by the Reporters Committee in

violation of FOIA.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action and personal

jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      Plaintiff Reporters Committee is an unincorporated nonprofit association of

reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and

vindicating the rights of the news media and the public to access government records.  The

Reporters Committee is located at 1156 15th Street NW, Suite 1250, Washington, D.C. 20005.

7.      Defendant DHS is an agency of the federal government within the meaning of 5

U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702.  DHS has possession, custody, and/or

control of records that the Reporters Committee seeks.  DHS's headquarters are located at 245

Murray Lane S.W., Washington, D.C. 20528.

8.      Defendant CBP is an agency of the federal government within the meaning of 5

U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702.  CBP is a component of DHS.  CBP has

possession, custody, and/or control of records that the Reporters Committee seeks.  CBP's

headquarters are located at 1300 Pennsylvania Avenue N.W., Washington, D.C. 20229.

## FACTUAL ALLEGATIONS

### Background

9.      Following the inauguration of President Donald J. Trump in January 2017, a

number of anonymous "alternative agency" accounts began to appear on Twitter.  *See* Kayla

Epstein and Darryl Fears, *Rogue Twitter accounts spring up to fight Donald Trump on climate*

*change*, The Washington Post, Jan. 25, 2017, https://perma.cc/FR3L-VLGK.  These accounts—

controlled by speakers who purport to be current or former employees of federal agencies or

other individuals familiar with the workings of those agencies—provide commentary on official

actions and policies of the Trump Administration.  *Id.*  Such accounts, which have been highly

critical of the Administration and its policies, have amassed audiences of Twitter users

("followers") numbering in the tens of thousands or more.  *See, e.g.* @RogueNASA, Twitter

(Jan. 2, 2018, 2:31 PM), https://twitter.com/roguenasa (895K followers as of Jan. 2, 2018);

@AltNatParkSer, Twitter (Jan. 2, 2018, 2:32 PM), https://twitter.com/altnatparkser (87K

followers as of Jan. 2, 2018).

10.     Like many social media platforms, Twitter allows users to choose whether or not

to identify themselves publicly; a user who wishes to remain anonymous may select a user name

using a pseudonym that does not disclose her or his true identity.  Anonymity of the speaker(s) is

a hallmark of "alternative agency" accounts.  The individual(s) behind them speak anonymously

in order to ensure that they may speak freely without fear of the negative consequences that

could follow if they were identified as the source of critical commentary concerning the

Administration and/or specific agencies.  *See* Alleen Brown, *Rogue Twitter Accounts Fight To*

*Preserve The Voice Of Government Science*, The Intercept, Mar. 11, 2017,

https://perma.cc/NEC9-YTPM.

11.     @ALT_uscis is an "alternative agency" account that has amassed more than

204,000 followers and disseminated more than 29,000 tweets since its creation in January 2017.

*See* @ALT_uscis, Twitter (Jan. 2, 2018, 2:54 PM), https://twitter.com/alt_uscis (204K followers

as of Jan. 2, 2018).  @ALT_uscis has been used as a platform to criticize immigration policies of

the Administration with which the user(s) disagree, including President Trump's immigration

Executive Orders and his proposal to build a wall along the U.S.-Mexico border.  *Id.*  In addition,

the @ALT_uscis account has highlighted what the user(s) view as a history of mismanagement

at CBP, and has regularly tweeted criticism of CBP's practices.  *See, e.g.,* @ALT_uscis, Twitter

(Feb. 3, 2017 tweet alleging that CBP agents were "walking public area of [airport] terminals

approaching brown people mentioning they look like a suspect").

12.     On April 6, 2017, Twitter filed suit against CBP and DHS in the United States

District Court for the Northern District of California alleging that the Defendants had issued a

summons to Twitter demanding that it provide certain information to identify the user or users

behind the @ALT_uscis account.  *See* Complaint, *Twitter, Inc. v. U.S. Dep't of Homeland

Security, et al.*, No. 3:17-cv-01916 (N.D. Cal. Apr. 6, 2017).  Specifically, Twitter alleged that

on March 17, 2017, an agent within CBP transmitted to Twitter by fax a summons (the "CBP

Summons," a true and correct copy of which is attached to this Complaint as Exhibit A) ordering

Twitter to produce certain records pertaining to the @ALT_uscis account, including "[u]ser

names, account login, phone numbers, mailing addresses, and I.P. addresses."  *See* Exhibit A at

3.  The CBP Summons invoked as authority 19 U.S.C. § 1509, an administrative provision of the

Tariff Act of 1930 which authorizes the agency to compel production of a narrow class of

records related to the importation of merchandise.  *See* 19 U.S.C. § 1509.  Twitter challenged the

summons on, *inter alia*, First Amendment grounds.

13.     The day after Twitter filed suit, CBP withdrew its summons, and Twitter

voluntarily dismissed its claims without prejudice.  *See* Mike Isaac, *U.S. Blinks in Clash With*

*Twitter; Drops Order to Unmask Anti-Trump Account*, N.Y. Times, Apr. 7, 2017,

http://nyti.ms/2oKumez.

14.     On November 16, 2017, the DHS's Office of Inspector General released a report

titled "Management Alert—*CBP's Use of Examination and Summons Authority Under 19 U.S.C.*

*§ 1509*" (the "OIG Report").  A true and correct copy of the OIG Report is attached to this

Complaint as Exhibit B.  The OIG Report addressed the CBP Summons issued to Twitter,

determining that "lack of clear guidance on the proper use of Section 1509 Summons has

resulted in inconsistent—and in some cases, improper—use of such summonses."  The OIG

Report contained three recommendations aimed at ensuring that CBP personnel are informed and

trained on the appropriate exercise of CBP's examination and summons authority under 19

U.S.C. § 1509.

## RCFP's FOIA Request

15.     On April 17, 2017, Jennifer A. Nelson ("Ms. Nelson"), on behalf of the Reporters

Committee, submitted a FOIA request to DHS via FOIAOnline (hereinafter, the "FOIA

Request").  A true and correct copy of the FOIA Request is attached to this Complaint as Exhibit

C, and is incorporated by reference herein.

16.     The FOIA Request sought certain categories of records regarding demands from

CBP and/or DHS that Twitter release information to identify the person(s) using the Twitter

account @ALT_uscis.  Specifically, the FOIA Request sought the following:

1)   All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, from January 1, 2017, that mention one or more of the following terms:

    a.   @ALT_uscis;
    b.   @ALT_USCIS;
    c.   "ALT Immigration"; or
    d.   "ALT_uscis"

2)   All e-mail communications to or from Special Agent Adam Hoffman from January 1, 2017, including communications on which Mr. Hoffman was carbon copied ("CC'd") or blind carbon copied ("BCC'd"), that mention one or more of the following terms:

    a.   @ALT_uscis;
    b.   @ALT_USCIS;
    c.   "ALT Immigration";
    d.   "ALT_uscis"; or
    e.   "Twitter account"

3)   All e-mail communications to or from Special Agent in Charge Stephen P. Caruso from January 1, 2017, including communications on which Mr. Caruso was CC'd or BCC'd, that mention one or more of the following terms:

    a.   @ALT_uscis;
    b.   @ALT_USCIS;
    c.   "ALT Immigration";
    d.   "ALT_uscis"; or
    e.   "Twitter account"

4)   All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, discussing applicable authority (including but not limited to 19 U.S.C. § 1509), from January 1, 2016, used by CBP to compel the production of records to unmask the identity of persons using databases, social media programs, and other software.

5)   All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, from January 1, 2016, discussing applicable authority for a recipient of a summons notice issued by CBP pursuant to 19 U.S.C. § 1509 to object to compliance with such summons.

Exhibit C at 4–5.

17.   In order to assist Defendants in conducting a search for responsive records, the

FOIA Request included additional background information about the records the Reporters

Committee was seeking, including publicly available information about Twitter's Complaint against CBP and DHS and a copy of the CBP Summons that was attached as an exhibit to Twitter's Complaint (Exhibit A, hereto).

18.     The FOIA Request included a request for a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A), as well as a request for a fee waiver.  The FOIA Request states, *inter alia*, that records responsive to the FOIA Request were being sought to "disseminate information … to the general public" via the Reporters Committee's various publications, including its website and e-mail newsletters.  In addition, in support of the Reporters Committee's request for a fee waiver, the FOIA Request describes the public's interest in "CBP's operations and procedures vis-à-vis unmasking anonymous social media users and, in particular, CBP's effort to unmask the anonymous user(s) behind the @ALT_uscis Twitter account, an incident that prompted Twitter to file a complaint against the agency."

19.     The FOIA Request complied with all applicable CBP and DHS regulations regarding the submission of FOIA requests.

### Defendants' Treatment of RCFP's FOIA Request

20.     Ms. Nelson received a confirmation e-mail confirming receipt of the FOIA Request on April 17, 2017.  The confirmation e-mail assigned the FOIA Request tracking number CBP-2017-049451.

21.     Thereafter, Ms. Nelson received two e-mail communications from CBPFOIA@cbp.dhs.gov regarding the Request.  On April 18, 2017, Ms. Nelson received an e-mail indicating that the tracking number for the FOIA Request was changed from CBP-2017-04951 to CBP-OIT-2017-049451.  This e-mail stated that the change to the tracking number "is normally due to the request being transferred to another agency (for example, EPA to Dept. of

Commerce) or to a sub-agency to process it." On April 27, 2017, Ms. Nelson received a second

e-mail communication which indicated that the FOIA Request's tracking number had been

changed back to CBP-2017-04951. The second e-mail communication contained the same

language as the first e-mail communication, and provided no further explanation for the

reversion back to the original tracking number.

22.     On June 6, 2017, the Reporters Committee submitted, via FOIAOnline, a timely

administrative appeal challenging Defendants' failure to respond to the FOIA Request within the

statutory deadlines imposed by the Act. Ms. Nelson submitted the administrative appeal 50 days

after submitting the FOIA Request on behalf of the Reporters Committee, at which time no

further communication from DHS and/or CBP had been received, no determination had been

made with respect to the FOIA Request, and no responsive records had been produced. A true

and correct copy of the Appeal is attached to this Complaint as Exhibit D. The Appeal attaches,

as exhibits, the two e-mail communications Ms. Nelson received from CBPFOIA@cbp.dhs.gov

in April 2017.

23.     On June 13, 2017, Ms. Nelson received an e-mail from Lynette Carter, FOIA

Appeals, "apologiz[ing] for the length of time taken by the FOIA Division to process your

request." On July 5, 2017, Ms. Nelson received a second e-mail from Ms. Carter, stating that

"[s]ince there is no adverse determination for the Appeals Office to review, this appeal will be

closed." True and correct copies of these e-mail communications are attached to this Complaint,

collectively, as Exhibit E.

24.     On July 11, 2017, Ms. Nelson received an e-mail from Miranda Oyler ("Ms.

Oyler"), Government Information Specialist, CBP, FOIA Division. The e-mail stated that Ms.

Oyler was "currently working on your request for records regarding CBP-2017-049451" and that

she "wanted to reach out to you and reassure you that we are working to complete your case."  A true and correct copy of this e-mail correspondence is attached to this Complaint as Exhibit F.

25.     On July 13, 2017, Ms. Nelson received an additional e-mail from Ms. Oyler indicating that she had "come across numerous emails that are responsive to [the] request" and was requesting "guidance" on the scope of the FOIA Request in an effort to "complete this case as soon as possible with the best work product [she] can provide."  Ms. Nelson responded to Ms. Oyler's e-mail on July 17, 2017.  In her response, Ms. Nelson offered to narrow the scope of the FOIA Request in an effort to obtain responsive records more quickly.  In particular, Ms. Nelson indicated that RCFP would not object to CBP's exclusion of duplicate e-mails from review for production; in addition, Ms. Nelson indicated that RCFP would not object to CBP's exclusion of "news alerts" from review for production that hit on keywords associated with the Request but were not otherwise responsive to the Request.  A true and correct copy of this e-mail correspondence is attached to this Complaint, collectively, as Exhibit G.

26.     On August 11, 2017, the Reporters Committee's request for a fee waiver was granted.

27.     On August 16, 2017, Ms. Nelson e-mailed Ms. Oyler to inquire about the status of the FOIA Request, noting that the tracking system available on FOIAOnline provided an estimated date of completion of August 2, 2017.  Ms. Oyler responded via e-mail stating that the agency was "almost finished with the initial review of the documents" and that another employee "ha[d] already begun the final review process on the first group of records."  Ms. Oyler's e-mail indicated that—if the Reporters Committee agreed to a rolling production of responsive records—that the first set of responsive records could be released "in hopefully a week or so."  Ms. Nelson responded to Ms. Oyler's e-mail on August 16, 2017, agreeing to the production of

responsive records on a rolling basis.  A true and correct copy of this e-mail correspondence is attached to this Complaint, collectively, as Exhibit H.

28.     On September 12, 2017, Ms. Nelson e-mailed Ms. Oyler to inquire about the status of the FOIA Request.  As of this date, no responsive records had been produced in response to the FOIA Request.  Ms. Oyler responded to Ms. Nelson's e-mail on September 13, 2017, indicating that she was awaiting her supervisor's approval for the release of records in response to the FOIA Request.  A true and correct copy of this e-mail correspondence is attached to this Complaint, collectively, as Exhibit I.

29.     More than two months later, still having received no records in response to the FOIA Request, on November 21, 2017, Ms. Nelson again e-mailed Ms. Oyler to inquire about the status of the FOIA Request.  Ms. Nelson did not receive a response.  On November 29, 2017, Ms. Nelson again e-mailed Ms. Oyler to inquire about the status of the FOIA Request.  Ms. Nelson did not receive a response.  True and correct copies of Ms. Nelson's e-mails are attached to this Complaint, collectively, as Exhibit J.

30.     As of the filing of this Complaint, no further information or communication from Defendants concerning the FOIA Request or the Reporters Committee's Appeal has been received by the Reporters Committee.

31.     As of the filing of this Complaint, Defendants have not made a determination as to the Reporters Committee's FOIA Request nor released any records or portions thereof that are responsive to the Reporters Committee's FOIA Request.

32.     As of the filing of this Complaint, it has been 282 calendar days since the Reporters Committee's FOIA Request was submitted, and 232 calendar days since the Reporters Committee's Appeal was submitted.

## CAUSES OF ACTION

### Count I

**Violation of FOIA for Failure to Comply with Statutory Deadline**

33.     The Reporters Committee repeats and re-alleges the foregoing paragraphs.

34.     Defendants are agencies subject to FOIA.

35.     Through the FOIA Request, the Reporters Committee properly asked for records

within the possession, custody and/or control of Defendants.

36.     Defendants failed to make a determination with respect to the Reporters

Committee's FOIA Request within the 20-working day deadline required by FOIA.  5 U.S.C. §

552(a)(6)(A).

37.     The Reporters Committee has and/or is deemed to have exhausted applicable

administrative remedies with respect to the FOIA Request.  5 U.S.C. § 552(a)(6)(A); *id.* §

552(a)(6)(C).

### Count II

**Violation of FOIA for Wrongful Withholding of Agency Records**

38.     The Reporters Committee repeats and re-alleges the foregoing paragraphs.

39.     Defendants are agencies subject to FOIA.

40.     Through the FOIA Request, the Reporters Committee properly asked for agency

records within the possession, custody and/or control of Defendants.

41.     Defendants have not released any records or portions thereof that are responsive

to the Reporters Committee's FOIA Request.

42.     Defendants have not cited any exemptions to withhold records or portions thereof

that are responsive to the Reporters Committee's FOIA request.

43.     Defendants have failed to identify whether or how disclosure of each of the records sought by the Reporters Committee's FOIA Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

44.     Defendants have improperly withheld agency records responsive to the FOIA Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

45.     The Reporters Committee has and/or is deemed to have exhausted applicable administrative remedies with respect to the FOIA Request.  5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(C).

## REQUEST FOR RELIEF

WHEREFORE, the Reporters Committee respectfully requests that this Court:

(1) order Defendants to conduct a reasonable search for all records responsive to the Reporters Committee's FOIA Request, and to immediately disclose all non-exempt records responsive to the FOIA Request in their entirety, as well as all non-exempt portions of responsive records;

(2) issue a declaration that the Reporters Committee is entitled to disclosure of the records responsive to the FOIA Request;

(3) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Reporters Committee's FOIA Request;

(4) award the Reporters Committee reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated:  January 24, 2018

Respectfully submitted,

 /s/ Katie Townsend
Katie Townsend
DC Bar No. 1026115
Jennifer A. Nelson
DC Bar No. 1011387
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
Phone:  202.795.9300
Facsimile:  202.795.9310
E-mail: ktownsend@rcfp.org
E-mail: jnelson@rcfp.org

*Counsel for Plaintiff*