## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY <br><br> Defendants. | Civil Action No. 18-0155 (TNM) |

## **DEFENDANTS' STATUS REPORT**

Defendants hereby provide the Court with the following Status Report[1] as required by the Court's March 22, 2018, Minute Order. Defendants disagree with Plaintiff's characterization of the agency's efforts to comply with the Court's order and respond to Plaintiff's FOIA request and thus submit a separate status report.

1. This matter involves Plaintiff's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, submitted to United States Customs and Border Protection ("CBP") on April 17, 2018 which seeks records from CBP concerning the following:

    1) All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, from January 1, 2017, that mention one or more of the following terms:

        a. @ALT_uscis;
        b. @ALT_USCIS;
        c. "ALT Immigration"; or

---

[1] After several unproductive electronic mailings from Plaintiff's counsel regarding the level of detail required in the monthly status report, and her unavailability on May 3, and 4, 2018, Defendants decided to file a Separate Status Report.

    d. "ALT_uscis"

2) All e-mail communications to or from Special Agent Adam Hoffman from January 1, 2017, including communications on which Mr. Hoffman was carbon copied ("CC'd") or blind carbon copied ("BCC'd'"), that mention one or more of the following terms:

  a @ALT_ uscis;
  b. @ALT_USCIS;
  c. "ALT Immigration";
  d. "ALT_uscis"; or
  e. "Twitter account"

3) All e-mail communications to or from Special Agent in Charge Stephen P. Caruso from January 1, 2017, including communications on which Mr. Caruso was CC'd or BCC'd, that mention one or more of the following terns:

  a. @ALT_ uscis;
  b. @ALT_USCIS;
  c. "ALT Immigration";
  d. "ALT_uscis"; or
  e. "Twitter account"

4) All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, discussing applicable authority (including but not limited to 19 U.S.C. § 1509), from January 1, 2016, used by CBP to compel the production of records to unmask the identity of persons using databases, social media programs, and other software.

5) All records, including but not limited to opinions, memoranda, directives, guidelines, checklists, or criteria, from January 1, 2016, discussing applicable authority for a recipient of a summons notice issued by CBP pursuant to 19 U.S.C. § 1509 to object to compliance with such summons.

2. On April 30, 2018, CBP provided Plaintiff with a first production of 585 pages of non-exempt records responsive to Plaintiff's FOIA requests (1) through (3).

3. CBP will make a second production of responsive, non-exempt records to Plaintiff's counsel on May 30, 2018.

4. In addition, the agency has been working on crafting search parameters for Plaintiff's FOIA requests (4) and (5). The agency is meeting the court's production order to process 500 pages a month, and intends to release records responsive to (4) and (5), if any, consistent with that production schedule.

5. The Parties will submit another Status Report by June 5, 2018.

**History of Exchanges between the Parties.**

As an initial matter, on May 2, 2017, Plaintiff's counsel sent undersigned counsel an email stating that she believes that Defendants' report (above) is not sufficient for the joint monthly status report. Contrary to Plaintiff's opinion, Defendants submit that the report that Plaintiff's counsel drafted is not required by this Court's March 22, 2018, Order, nor is it required by the FOIA, and is more appropriate for summary judgment briefing. Significantly, Plaintiff's unnecessary briefing in her draft joint report will be an issue when attorney's fees are ripe for litigation. In addition, Plaintiff's counsel informed undersigned counsel that she would not be available on May 3 and 4, 2018, the day for filing the Joint Status Report, and stressed to undersigned counsel that she wanted the report to be filed before her travel. Plaintiff's counsel provided her draft late in the afternoon of Wednesday, May 2, 2018.

Since the March 22, 2018, Status Hearing, Defendants have moved expeditiously and in good faith to comply with this Court's March 22, 2018, Order, to process records responsive to Plaintiff's FOIA request. On March 26, 2018, after communicating with senior counsel at CBP, undersigned counsel was informed that Plaintiff's FOIA requests (4) and (5) would yield a no records response. Even though FOIA does not require agencies to allow requestors to modify their request, and in an effort to engage in resolution short of lengthy briefing, undersigned counsel informed Plaintiff's counsel that if she told me exactly what Plaintiffs were looking for, the agency will make efforts to search for those materials.

Instead of responding to undersigned counsel's request, on March 26, 2018, Plaintiff's counsel concluded that Defendants were attempting to obstruct or delay the process by not doing a search by concluding that Plaintiff's request would yield no results. First, obstruction and delay is

not Defendants' intent.  Defendants' experts have been conducting these searches for years, and they are aware of how the CBP's search utilities function.  It was Defendants' expectation that Plaintiff would modify its request to achieve maximum results.  Second, Defendants are not obligated to provide a roadmap to Plaintiff on its FOIA request, and Defendants were simply asking Plaintiff's counsel to reword the request to yield maximum results on responsive material.[2]

After additional unproductive exchanges between counsel on April 16 and 17, 2018, undersigned counsel informed Plaintiff's counsel that Defendant would begin its search for records responsive to requests (4) and (5) using Plaintiff's original FOIA request.

\*     \*     \*

Dated:  May 4, 2018                                                  Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar No. 924092

/s/ Rhonda L. Campbell
RHONDA L. CAMPBELL
Assistant United States Attorney
D.C. Bar No. 462402
555 Fourth St., N.W.
Washington, D.C.  20530
Tel: (202) 252-2559 — Fax: (202) 252-2599
rhonda.campbell@usdoj.gov

*Counsel for the United States*

---

[2] Plaintiff's counsel did modify Plaintiff's request in her March 27, 2018, 11:13 a.m. electronic mail, but that modification was actually broader than the initial request, and Defendant informed Plaintiff that the request was too broad.