## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES CUSTOMS AND BORDER PROTECTION** <br> and <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** <br><br> Defendants. | Civil Action No. 18-cv-0155 (TNM) |

### JOINT STATUS REPORT

Plaintiff the Reporters Committee for Freedom of the Press ("Plaintiff" or the "Reporters Committee") and Defendants United States Customs and Border Protection ("CBP") and United States Department of Homeland Security ("DHS") hereby submit the following Joint Status Report pursuant to the Court's March 22, 2018 Minute Order:

1.     On January 24, 2018, Plaintiff filed a Complaint with this Court alleging that Defendants had failed to comply with their obligations under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, to "release requested records concerning demands from CBP and/or DHS that Twitter, Inc. ("Twitter") provide them with information to identify one or more persons using the Twitter account @ALT_uscis, an anonymous account critical of CBP." [ECF No. 1, ¶ 2.]  Defendants filed an Answer on March 19, 2018.  [ECF No. 11.]

2.     The Court held a status conference on March 22, 2018.  Thereafter, that same day, the Court issued a Minute Order requiring Defendants to "review at least 500 pages of potentially responsive material per month, and produce responsive records to the Plaintiff by the end of every month.  The first production shall be made on or before April 30, 2018."  The March 22, 2018 Minute Order further ordered the parties "to submit a joint status report on or before May 4, 2018, and on or before the 5th day of every month thereafter."

3.     On April 30, 2018, CBP provided Plaintiff with its first production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of Plaintiff's FOIA request.  Of the 585 pages reviewed by CBP in connection with that initial release, 496 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 89 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), and (b)(7)(C).

4.     On May 30, 2018, CBP provided Plaintiff with its second production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of Plaintiff's FOIA request.  Of the 572 pages reviewed by CBP in connection with that second release, one page was released in its entirety, 507 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 64 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

5.     On May 31, 2018, the Reporters Committee filed related Civil Action No. 18-cv-1289 against Defendants alleging that they had (1) failed to comply with their obligations under FOIA "to release agency records concerning CBP's use of its summons authority under 19 U.S.C. § 1509," in response to a FOIA request submitted by the Reporters Committee on March 26, 2018 (the "Second Request") and (2) failed to comply with their obligations under FOIA "to release requested records concerning the processing of" the Reporters Committee's FOIA

request that is the subject of the above-captioned lawsuit, in response to a FOIA request submitted by the Reporters Committee on May 1, 2018 (the "Third Request").  [*Reporters Committee for Freedom of the Press v. United States Dep't of Homeland Security, et al.*, 18-cv-1289, ECF No. 1, ¶¶ 2–3.]

6.     The following day, June 1, 2018, Plaintiff's counsel informed Defendants' counsel via e-mail that the Reporters Committee intended to move to consolidate Civil Action No. 18-cv-1289 with the above-captioned case.  Defendants' counsel has informed Plaintiff's counsel that Defendants do not oppose consolidation.  Plaintiff intends to file its motion for consolidation no later than June 8, 2018.

***Plaintiff's Position:***

7.     ***Categories 1, 2, and 3, of the FOIA Request***:  Following CBP's first release of records in response to Categories 1, 2, and 3 of the FOIA Request, on May 1, 2018, Plaintiff's counsel identified for CBP's counsel via e-mail a number of substantive concerns, including, *inter alia*, CBP's failure to city any exemptions for certain redactions/withholdings, and its failure to specify—for redactions purportedly made pursuant to Exemption b(5)—what privilege (*e.g.*, deliberative process or attorney-client) CBP contends is applicable.  Plaintiff's counsel proposed that the parties meet and confer and attempt to resolve as many of those preliminary issues identified by Plaintiff's counsel in her May 1, 2018 e-mail as possible in advance of CBP's second release of records.  CBP's counsel did not respond to that e-mail.  Following CBP's second release of records in response to Categories 1, 2, and 3 of the FOIA Request, on June 1, 2018, Plaintiff's counsel again identified for CBP's counsel via e-mail a number of Plaintiff's substantive concerns regarding CBP's redactions/withholdings, and again proposed that the parties engage in meet and confer discussions to address those issues.

8.      It is Plaintiff's position that the schedule set by the Court on March 22, 2018—

requiring Defendants to review and process no fewer than 500 pages every month and to release

to Plaintiff responsive, non-exempt records on a rolling basis, and requiring the parties to submit

a joint status report on or before the 5th of every month—remains appropriate.

9.      ***Categories 4 and 5 of the FOIA Request***:  Plaintiff's Status Report to the Court

dated May 4, 2018 sets forth Plaintiff's efforts to meet and confer with CBP's counsel

concerning the remaining two categories of records sought by Plaintiff's FOIA request.  [ECF

No. 13, ¶¶ 6–9.]  As discussed therein, CBP's counsel informed Plaintiff's counsel in March

2018 that though CBP had yet to conduct any search for records in response to Categories 4 and

5 of the FOIA request CBP would take the position that any such search would "yield a no

records response."  Plaintiff's repeated attempts to work with CBP's counsel to determine why

CBP believes a search for records in response to Categories 4 and 5 of the FOIA request would

yield no results, and to provide the agency with agreed-upon search terms and other search

parameters, were unsuccessful.  [*Id*.]  Based on "Defendants' Position," set forth below, it

appears that CBP has not yet begun a search for records in response to Categories 4 and 5 of the

FOIA Request.

10.      ***Plaintiff's Motion to Consolidate***:  On May 31, 2018, the Reporters Committee

filed Civil Action No. 18-cv-1289, which arises out of two subsequent FOIA requests submitted

to Defendants by the Reporters Committee that are directly related to this action.  The Second

Request seeks communications and other records relating to the processing of the Reporters

Committee's original FOIA request that is at issue in the above-captioned case.  It is Plaintiff's

position that the Third Request seeks a subset of agency records responsive to Categories 4 and

5 of the original FOIA request.  In light of CBP's position, however, that "the way [Plaintiff]

has tailored [Categories 4 and 5 of the] request will yield no results," and CBP's refusal to explain how it is construing those categories of the original request and/or to meet and confer regarding search terms that would identify records responsive to those categories, Plaintiff submitted its Third Request.  The Third Request, which seeks records "concerning CBP's use of its summons authority under 19 U.S.C. § 1509," provides CBP with specific terms to use in conducting a search for relevant records.

11.     Given the substantial overlap between the two related cases, the Reporters Committee intends to file a motion to consolidate Civil Action No. 18-cv-1289 with the above-captioned case no later than June 8, 2018.  Defendants do not oppose consolidation.

***Defendants' Position:***

12.     Per Court's March 22, 2018 Minute Order, CBP is reviewing at least 500 pages a month of 3040 pages of potentially responsive records identified as a result of the agency's search conducted pursuant to plaintiff's requests (1) through (3) in Plaintiff's original FOIA request dated April 17, 2017.

13.     On April 30, 2018, CBP provided reporters Committee with a first production of 585 pages of non-exempt records responsive to Plaintiff's FOIA requests (1) through (3).

14.     On May 30, 2018, CBP provided Reporters Committee with a second production of 572 pages of non-exempt records responsive to Plaintiff's FOIA requests (1) through (3).

15.     At this time, given Plaintiff's new FOIA requests, CBP cannot state with certainty when CBP will finish production of all documents responsive to Plaintiff's requests, however, CBP will process at least 500 pages of records and make a third production of any responsive, non-exempt records to Reporters Committee on June 30, 2018.

16.     Given the substantial overlap in records requested in Plaintiffs third FOIA

request and related nature of Plaintiff's second request, CBP does not oppose to the

consolidation of Civil Action No. 18-cv-1289 with the above-captioned case.  While CBP

believes that Plaintiff's original requests (4) and (5) are vague in nature, CBP has been working

diligently to devise search parameters for those requests.  However, given that Plaintiff filed its

Third FOIA Request specifically for "a subset of agency records responsive to Categories 4 and

5 of the original FOIA request," CBP is seeking to combine the searches for the original

requests (4) and (5) and Plaintiff's Third request to eliminate redundancy and ensure that the

searches are conducted in a streamlined manner.  CBP believes that Plaintiff's Third FOIA

request is expansive and such search would yield records in which Plaintiff seemingly has no

interest.  Specifically, multiple offices within CBP rely on 19 U.S.C. § 1509 to impose

recordkeeping requirements on businesses involved in importation, conduct audits and surveys,

request import-related documentation, and investigate violations of customs law.  CBP is

willing to confer with plaintiff and work together on developing reasonable parameters for a

search that would yield records responsive to plaintiff's FOIA requests in the most efficient

manner.


Dated:  June 5, 2018

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

Email: ktownsend@rcfp.org

*Counsel for Plaintiff*

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

*/s/ Rhonda L. Campbell*
RHONDA L. CAMPBELL, D.C. Bar No. 462402
Assistant United States Attorneys
Civil Division
555 4th Street,  N.W.
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov

*Counsel for United States*