**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,**

Plaintiff,

v.

**UNITED STATES CUSTOMS AND BORDER PROTECTION**

and

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**

Defendants.

Civil Action No. 18-cv-0155 (TNM)

## JOINT STATUS REPORT

Plaintiff the Reporters Committee for Freedom of the Press ("Plaintiff" or the "Reporters Committee") and Defendants United States Customs and Border Protection ("CBP") and United States Department of Homeland Security ("DHS") hereby submit the following Joint Status Report pursuant to the Court's March 22, 2018 Minute Order:

1. On January 24, 2018, Plaintiff filed a Complaint with this Court alleging that Defendants had failed to comply with their obligations under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, to "release requested records concerning demands from CBP and/or DHS that Twitter, Inc. ("Twitter") provide them with information to identify one or more persons using the Twitter account @ALT_uscis, an anonymous account critical of CBP" in response to a FOIA request submitted by the Reporters Committee on April 17, 2017 (the

"First Request"). [ECF No. 1, ¶ 2.] Defendants filed an Answer on March 19, 2018. [ECF No. 11.]

2. The Court held a status conference on March 22, 2018. Thereafter, that same day, the Court issued a Minute Order requiring Defendants to "review at least 500 pages of potentially responsive material per month, and produce responsive records to the Plaintiff by the end of every month. The first production shall be made on or before April 30, 2018." The March 22, 2018 Minute Order further ordered the parties "to submit a joint status report on or before May 4, 2018, and on or before the 5th day of every month thereafter."

3. On April 30, 2018, CBP provided Plaintiff with its first production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of the First Request. Of the 585 pages reviewed by CBP in connection with that initial release, 496 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 89 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), and (b)(7)(C).

4. On May 30, 2018, CBP provided Plaintiff with its second production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of the First Request. Of the 572 pages reviewed by CBP in connection with that second release, one page was released in its entirety, 507 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 64 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

5. On May 31, 2018, the Reporters Committee filed related Civil Action No. 18-cv-1289 against Defendants alleging that they had (1) failed to comply with their obligations under FOIA "to release agency records concerning CBP's use of its summons authority under 19 U.S.C. § 1509," in response to a FOIA request submitted by the Reporters Committee on March

26, 2018 (the "Second Request") and (2) failed to comply with their obligations under FOIA "to release requested records concerning the processing of" Plaintiff's First Request, in response to a FOIA request submitted by the Reporters Committee on May 1, 2018 (the "Third Request"). [*Reporters Committee for Freedom of the Press v. United States Dep't of Homeland Security, et al.*, 18-cv-1289, ECF No. 1, ¶¶ 2–3.]

6. On June 8, 2018, Plaintiff's filed an unopposed motion to consolidate Civil Action No. 18-cv-1289 with the above-captioned case. [ECF No. 15.] On June 12, 2018, the Court issued a Minute Order granting that unopposed motion and consolidating Civil Action No. 18-cv-1289 with the above-captioned case.

7. Since June 8, 2018, counsel for Plaintiff and Defendants have met and conferred via e-mail and telephone in effort to reach agreement on ways to streamline CBP's search and review of records in response to the remaining Categories 4 and 5 of Plaintiff's First Request and Plaintiff's Second Request.

8. On July 2, 2018, CBP provided Plaintiff with its third production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of Plaintiff's First Request. Of the 500 pages reviewed by CBP in connection with that third release, 133 pages were deemed by CBP to be "responsive" to the First Request; 367 of the 500 reviewed pages (or approximately 75%) were deemed not "responsive" to the First Request. Of those 133 pages deemed "responsive" by CBP, 129 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 4 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

***Plaintiff's Position:***

9. ***Categories 1, 2, and 3, of the First Request***: Following CBP's first release of

records in response to Categories 1, 2, and 3 of the First Request, on May 1, 2018, Plaintiff's counsel identified for CBP's counsel via e-mail a number of substantive concerns, including, *inter alia*, CBP's failure to city any exemptions for certain redactions/withholdings, and its failure to specify—for redactions purportedly made pursuant to Exemption b(5)—what privilege (*e.g.*, deliberative process or attorney-client) CBP contends is applicable. Plaintiff's counsel proposed that the parties meet and confer and attempt to resolve as many of those preliminary issues identified by Plaintiff's counsel in her May 1, 2018 e-mail as possible in advance of CBP's second release of records. Following CBP's second release of records in response on June 1, 2018, Plaintiff's counsel again identified for CBP's counsel via e-mail Plaintiff's substantive concerns regarding CBP's redactions/withholdings, and again proposed that the parties engage in meet and confer discussions to address those issues. It is Plaintiff's position that the parties should meet and confer and attempt to address the substantive concerns identified by Plaintiff to date regarding CBP's redactions/withholdings, as well as Plaintiff's concerns regarding the large number of pages withheld from CBP's third production as not "responsive" to the First Request.

10. It is Plaintiff's position that the schedule set by the Court on March 22, 2018—requiring Defendants to review and process no fewer than 500 pages every month and to release to Plaintiff responsive, non-exempt records on a rolling basis, and requiring the parties to submit a joint status report on or before the 5th of every month—remains appropriate.

11. ***Categories 4 and 5 of the First Request and Plaintiff's Second Request***: As stated above, since June 8, 2018, counsel for Plaintiff and Defendants have met and conferred via e-mail and telephone in effort to reach agreement on ways to streamline CBP's search and review of records in response to the remaining Categories 4 and 5 of Plaintiff's First Request

and Plaintiff's Second Request. Those meet and confer discussions are ongoing. Accordingly, it is Plaintiff's position that the parties should continue those meet and confer discussions and provide the Court with a proposed schedule for the review and processing of records in response to Categories 4 and 5 of the First Request and the Second Request in their next joint status report due on August 6, 2018.

12. ***Plaintiff's Third Request***: Plaintiff's Third Request seeks "records concerning the processing of" Plaintiff's First Request. On July 3, 2018, counsel for CBP informed Plaintiff via e-mail that CBP has "conducted a search and is in the process of reviewing documents" in response to Plaintiff's Third Request. It is Plaintiff's position that the schedule set by the Court on March 22, 2018 for Plaintiff's First Request—requiring Defendants to review and process no fewer than 500 pages every month and to release to Plaintiff responsive, non-exempt records on a rolling basis—is appropriate for Plaintiff's Third Request and that CBP's first release of records in response to Plaintiff's Third Request should be made on or before July 31, 2018.

***Defendants' Position:***

13. ***Categories 1, 2, 3 of the First Request*:** Pursuant to the Court's March 22, 2018 order, Defendants have reviewed at least 500 pages of potentially responsive material each month and produced only those documents which are responsive to Plaintiffs FOIA request and which are not exempt from release. For those portions of the documents which are exempt from release, Defendants have indicated the proper FOIA exemption. It is Defendants' position that it is properly and reasonably complying with the Court's March 22, 2018 order. It is Defendants' position that the schedule set by the court on March 22, 2018 remains appropriate. Defendants' most recent production occurred on July 2, 2018. For this release, 500 pages of potentially responsive documents were reviewed. Of these 500 pages, 133 pages were deemed responsive,

129 pages of the records were partially released, pursuant to Title 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(e), and 4 pages were withheld in full pursuant to (b)(5), (b)(6), (b)(7)(c) and (b)(7)(E).

14. ***Categories 4 and 5 of the First Request and the Second Request:*** Defendants agree with Plaintiffs characterization of the parties' efforts to make progress on Categories 4 and 5 of the Plaintiffs First Request and Plaintiffs Second Request. It is Defendants' position that the parties should continue to meet and confer to discuss these issues.

15. ***Third Request:*** Defendants have conducted a search pursuant to Plaintiff's Third Request and is the process of reviewing documents responsive to that request. Defendants have informed Plaintiff of this progress. It is Defendants position that the parties should continue to meet and confer regarding the progress and parameters of this search, and should inform the Court of such progress during the next Joint Status Report.

Dated: July 5, 2018

Respectfully submitted,

*/s/ Katie Townsend*

Katie Townsend
DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org

*Counsel for Plaintiff*

JESSIE K. LIU

UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar No. 924092

*/s/ Rhonda L. Campbell*
RHONDA L. CAMPBELL
Assistant United States Attorney
D.C. Bar No. 462402
555 Fourth St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2559 — Fax: (202) 252-2599
rhonda.campbell@usdoj.gov

*Counsel for United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2018, an electronic copy of the foregoing Joint Status Report was filed with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system and was served electronically upon all parties in the case. I certify that all participants in the case are CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Katie Townsend* ___________