## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES CUSTOMS AND BORDER PROTECTION** <br><br> and <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** <br><br> Defendants. | Civil Action No. 18-cv-0155 (TNM) |

### JOINT STATUS REPORT

Plaintiff the Reporters Committee for Freedom of the Press ("Plaintiff" or the "Reporters Committee") and Defendants United States Customs and Border Protection ("CBP") and United States Department of Homeland Security ("DHS") hereby submit the following Joint Status Report pursuant to the Court's March 22, 2018 Minute Order:

1.      On January 24, 2018, Plaintiff filed a Complaint with this Court alleging that Defendants had failed to comply with their obligations under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, to "release requested records concerning demands from CBP and/or DHS that Twitter, Inc. ("Twitter") provide them with information to identify one or more persons using the Twitter account @ALT_uscis, an anonymous account critical of CBP" in response to a FOIA request submitted by the Reporters Committee on April 17, 2017 (the "First Request").  [ECF No. 1, ¶ 2.]  Defendants filed an Answer on March 19, 2018.  [ECF No.

11.]

2.      The Court held a status conference on March 22, 2018.  Thereafter, that same day, the Court issued a Minute Order requiring Defendants to "review at least 500 pages of potentially responsive material per month, and produce responsive records to the Plaintiff by the end of every month.  The first production shall be made on or before April 30, 2018."  The March 22, 2018 Minute Order further ordered the parties "to submit a joint status report on or before May 4, 2018, and on or before the 5th day of every month thereafter."

3.      On April 30, 2018, CBP provided Plaintiff with its first production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of the First Request.  Of the 585 pages reviewed by CBP in connection with that initial release, 496 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 89 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), and (b)(7)(C).

4.      On May 30, 2018, CBP provided Plaintiff with its second production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of the First Request.  Of the 572 pages reviewed by CBP in connection with that second release, one page was released in its entirety, 507 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 64 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

5.      On May 31, 2018, the Reporters Committee filed related Civil Action No. 18-cv-1289 against Defendants alleging that they had (1) failed to comply with their obligations under FOIA "to release requested records concerning the processing of" Plaintiff's First Request, in response to a FOIA request submitted by the Reporters Committee on March 26, 2018 (the "Second Request") and (2) failed to comply with their obligations under FOIA "to release

agency records concerning CBP's use of its summons authority under 19 U.S.C. § 1509," in response to a FOIA request submitted by the Reporters Committee on May 1, 2018 (the "Third Request"). [*Reporters Committee for Freedom of the Press v. United States Dep't of Homeland Security, et al.*, 18-cv-1289, ECF No. 1, ¶¶ 2–3.]

6.      On June 8, 2018, Plaintiff's filed an unopposed motion to consolidate Civil Action No. 18-cv-1289 with the above-captioned case.  [ECF No. 15.]  On June 12, 2018, the Court issued a Minute Order granting that unopposed motion and consolidating Civil Action No. 18-cv-1289 with the above-captioned case.

7.      Since June 8, 2018, counsel for Plaintiff and Defendants have met and conferred via e-mail and telephone in effort to reach agreement on ways to streamline CBP's search and review of records in response to the remaining Categories 4 and 5 of Plaintiff's First Request and Plaintiff's Third Request.

8.      On July 2, 2018, CBP provided Plaintiff with its third production of records and/or portions thereof that it has deemed non-exempt in response to Categories, 1, 2, and 3 of Plaintiff's First Request.  Of the 500 pages reviewed by CBP in connection with that third release, 133 pages were deemed by CBP to be "responsive" to the First Request; 367 of the 500 reviewed pages (or approximately 75%) were deemed not "responsive" to the First Request.  Of those 133 pages deemed "responsive" by CBP, 129 pages were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E), and 4 pages were withheld in full citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

9.      On July 30, 2018, CBP provided Plaintiff with its fourth production of records and/or portions thereof that it has deemed non-exempt in response to Categories 1, 2, and 3 of Plaintiff's First Request.  Of the 1275 pages reviewed by CBP in connection with that fourth

release, 108 pages were deemed by CBP to be "responsive" to the First Request; 1167 of the 1275 pages (or approximately 90%) were deemed not "responsive" to the First Request.  Of those 108 pages deemed "responsive" by CBP, all 108 were redacted/withheld in part citing 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and b(7)(E).

**_Plaintiff's Position:_**

10.     **_Categories 1, 2, and 3, of the First Request_**:  Following CBP's first release of records in response to Categories 1, 2, and 3 of the First Request, on May 1, 2018, Plaintiff's counsel identified for CBP's counsel via e-mail a number of substantive concerns, including, *inter alia*, CBP's failure to city any exemptions for certain redactions/withholdings, and its failure to specify—for redactions purportedly made pursuant to Exemption b(5)—what privilege (*e.g.*, deliberative process or attorney-client) CBP contends is applicable.  Plaintiff's counsel proposed that the parties meet and confer and attempt to resolve as many of those preliminary issues identified by Plaintiff's counsel in her May 1, 2018 e-mail as possible in advance of CBP's second release of records.  Following CBP's second release of records in response on June 1, 2018, Plaintiff's counsel again identified for CBP's counsel via e-mail Plaintiff's substantive concerns regarding CBP's redactions/withholdings, and again proposed that the parties engage in meet and confer discussions to address those issues.  It is Plaintiff's position that the parties should meet and confer and attempt to address the substantive concerns identified by Plaintiff to date regarding CBP's redactions/withholdings, as well as Plaintiff's concerns regarding the large number of pages withheld from CBP's third and fourth productions as not "responsive" to the First Request.

11.     It is Plaintiff's position that the schedule set by the Court on March 22, 2018— requiring Defendants to review and process no fewer than 500 pages every month and to release

to Plaintiff responsive, non-exempt records on a rolling basis, and requiring the parties to submit a joint status report on or before the 5th of every month—remains appropriate.

12.     ***Categories 4 and 5 of the First Request and Plaintiff's Third Request***:  As stated above, since June 8, 2018, counsel for Plaintiff and Defendants have met and conferred via e-mail and telephone in effort to reach agreement on ways to streamline CBP's search and review of records in response to the remaining Categories 4 and 5 of Plaintiff's First Request and Plaintiff's Third Request.

13.     During meet and confer discussions, the parties agreed that Categories 4 and 5 of the First Request and the Third Request seek documents discussing the authorities—including Section 1509 summons authority—that have been used by CBP to obtain user information from social media companies, as well as records discussing summons authority under Section 1509. As part of these meet and confer discussions, CBP confirmed that there are no other authorities that CBP has used to obtain user information from social media companies; as a result, the parties agreed to combine Categories 4 and 5 of the First Request with the Third Request.

14.     The parties have also conferred regarding the scope of CBP's search for records responsive to Categories 4 and 5 of the First Request and the Third Request.  Following these discussions, the parties have agreed that CBP will limit its search to the following offices:  Office of Professional Responsibility (OPR); Office of Chief Counsel (OCC); Office of Congressional Affairs (OCA); Office of Training and Development (OTD); Office of Commissioner and Office of the Commissioner's Chief of Staff (COS); and Office of Public Affairs (OPA).

15.     ***Plaintiff's Second Request***:    Plaintiff's Second Request seeks "records concerning the processing of" Plaintiff's First Request.  On July 3, 2018, counsel for CBP informed Plaintiff via e-mail that CBP has "conducted a search and is in the process of reviewing

documents" in response to Plaintiff's Second Request.  It is Plaintiff's position that the schedule

set by the Court on March 22, 2018 for Plaintiff's First Request—requiring Defendants to review

and process no fewer than 500 pages every month and to release to Plaintiff responsive, non-

exempt records on a rolling basis—is appropriate for Plaintiff's Second Request.

### *Defendants' Position:*

16.     Per Court's March 22, 2018 Minute Order, CBP is reviewing at least 500 pages a

month of potentially responsive records identified as a result of the agency's search conducted

pursuant to plaintiff's requests (1) through (3) in Plaintiff's original FOIA request dated April

17, 2017 ("First FOIA").

17.     On April 30, 2018, CBP provided Reporters Committee with a first production

of 585 pages of non-exempt records responsive to requests (1) through (3) in Plaintiff's First

FOIA.

18.     On May 30, 2018, CBP provided Reporters Committee with a second production

of 572 pages of non-exempt records responsive to requests (1) through (3) in Plaintiff's First

FOIA.

19.     On July 2, 1018, CBP processed 500 pages and provided Reporters Committee

with a third production of 133 pages of responsive, non-exempt records responsive of requests

(1) through (3) in Plaintiff's First FOIA.

20.      On July 30, 2018, CBP processed 1275 pages of potentially responsive records

and provided Reporters Committee of 108 pages of records responsive of requests (1) through

(3) in Plaintiff's First FOIA.

21.     CBP continues to search and collect records responsive to Plaintiff's Second

FOIA request filed on March 26, 2018.  In addition, CBP has begun to search for the records

responsive to categories (4) and (5) of the First FOIA and Plaintiff's Third FOIA.  It is CBP's

understanding that Plaintiff has agreed to conduct one search for records discussing 1509

summons authority and records related to CBP's use of this authority to obtain user

information from social media sites.

22.     At this time, CBP cannot state with certainty when CBP will finish production of

all records responsive to Plaintiff's three FOIA requests, however, CBP will process at least

500 pages of records and make a fifth production of any responsive, non-exempt records to

Reporters Committee on August 30, 2018.


Dated:  August 6, 2018

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org

*Counsel for Plaintiff*

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar No. 924092

*/s/ Rhonda Campbell*
RHONDA L. CAMPBELL
Assistant United States Attorney
D.C. Bar No. 462402

555 Fourth St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2559 — Fax: (202) 252-2599
rhonda.campbell@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, an electronic copy of the foregoing Joint Status Report was filed with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system and was served electronically upon all parties in the case.  I certify that all participants in the case are CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Katie Townsend*