IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION**<br><br>and<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**<br><br>Defendants. | Civil Action No. 18-cv-0155 (TNM) |

## DECLARATION OF KATIE TOWNSEND

I, Katie Townsend, declare as follows:

1. I am the Legal Director at the Reporters Committee for Freedom of the Press (the "Reporters Committee" or "RCFP"), an unincorporated nonprofit association located in Washington, D.C., a position I have held since May 2018. I am an attorney and counsel of record for Plaintiff in this matter. Prior to becoming RCFP's Legal Director, I was RCFP's Litigation Director; I held that position from September 2014 to May 2018. I am a member in good standing of the bar for the District of Columbia and am admitted to practice before this Court. I make this declaration in support of Plaintiff's Opposition to the Motion for Summary Judgment filed by Defendants United States Customs and Border Protection ("CBP") and United States Department of Homeland Security ("DHS") (collectively "Defendants") and in support of

1

Plaintiff's Cross-Motion for Summary Judgment.  I have personal knowledge of the matters stated in this declaration.

2. Attached hereto as **Exhibit A** are true and correct copies of the following records produced to Plaintiff in response to its FOIA Requests:

- CBP FOIA 001421–001682

Exhibit A reflects all 262 pages of material identified by CBP as responsive to Plaintiff's Second FOIA Request.

3. Attached hereto as **Exhibit B** are true and correct copies of the following records produced to Plaintiff in response to its FOIA Requests:

- CBP FOIA 001291–001399

4. Attached hereto as **Exhibit C** are true and correct copies of the following records produced to Plaintiff in response to its FOIA Requests:

- CBP FOIA 002387–002633

5. Attached hereto as **Exhibit D** are true and correct copies of the following records produced to Plaintiff in response to its FOIA Requests:

- CBP FOIA 001931–002072

6. Attached as **Exhibit E** is a true and correct copy of the following publicly available news article:  Kayla Epstein and Darryl Fears, *Rogue Twitter accounts spring up to fight Donald Trump on climate change*, The Washington Post, Jan. 25, 2017, *archived at* https://perma.cc/FR3L-VLGK.

7. Attached as **Exhibit F** is a true and correct copy of the following publicly available news article:  Alleen Brown, *Rogue Twitter Accounts Fight to Preserve The Voice of Government Science*, The Intercept, Mar. 11, 2017, *archived at* https://perma.cc/NEC9-YTPM.

8. Attached as **Exhibit G** is a true and correct copy of the following publicly available report issued by DHS's Office of Inspector General:  "Management Alert—*CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509*," Nov. 16, 2017, *available at* https://www.oig.dhs.gov/sites/default/files/assets/Mga/2017/oig-18-18-nov17.pdf.

9. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiff's First FOIA Request to DHS, submitted on April 17, 2017.

10. Attached hereto as **Exhibit I** is a true and correct copy of the administrative appeal submitted by Plaintiff on June 6, 2017, challenging Defendants' failure to respond to the FOIA Request within the statutory deadlines imposed by FOIA.  Concluding that no adverse determination had been reached, the CBP's FOIA Appeals Office closed Plaintiff's administrative appeal on July 5, 2017.

11. Defendants did not provide Plaintiff with any records responsive to Plaintiff's First FOIA Request before the above-captioned lawsuit was filed.

12. Attached hereto as **Exhibit J** is a true and correct copy of Plaintiff's Second FOIA Request to DHS, submitted on March 26, 2018.

13. During meet and confer discussions with counsel for Defendants regarding the processing of the First FOIA Request in March and April 2018, Defendants' counsel represented to me that CBP would not conduct a search for records responsive to Categories 4 and 5 of Plaintiff's First FOIA Request based on the wording of Plaintiff's First FOIA Request because, as written, CBP's search would "yield no results" for responsive records.  *See* ECF 13 at ¶ 6. Further, Defendants' counsel refused to engage in discussions to identify mutually agreeable search terms and/or search parameters that would narrow the scope of CBP's search for records in response to subsections (4) and (5) of Plaintiff's First FOIA Request.  *Id.*

14. Attached hereto as **Exhibit K** is a true and correct copy of Plaintiff's Third FOIA Request to DHS, submitted on May 1, 2018.

15. Defendants did not provide Plaintiff with any records responsive to Plaintiff's Second FOIA Request or Plaintiff's Third FOIA Request before Civil Action No. 18-cv-01289 was filed.

16. CBP identified 4,147 pages of records responsive to Plaintiff's FOIA Requests. Of those processed pages, 474 pages were released in full, 2,019 pages were released in part, and 1,654 pages were withheld in their entirety. Of those pages, 262 pages of records released in whole or in part were identified as responsive to Plaintiff's Second FOIA Request, and 3,885 pages of records pages of records released in whole or in part were identified as responsive to Plaintiff's First and Third FOIA Requests, as combined.

17. Defendants withheld in full, pursuant primarily to Exemption 5, 96 pages of material responsive to Plaintiff's Second FOIA Request, which sought Defendants' processing notes related to the First FOIA Request, and released in part 171 pages of responsive material.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2020.

*/s/ Katie Townsend*
Katie Townsend